GARY M. RESTAINO
United States Attorney
District of Arizona
MICAH SCHMIT
Assistant U.S. Attorney
State Bar No. 014887
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
gerard.schmit@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED

Feb 15 2023

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

　　　　　　Plaintiff,

vs.

Noe Mendoza, (YN)

　　　　　　Defendant.

CR-21-0808-PHX-JCH (MSA)

REVOCATION DISPOSITION AGREEMENT

　　　The United States of America and the defendant agree to the following disposition of this matter:

1.　This is a revocation of:

　　☒　supervised release
　　☐　probation

2.　The defendant will admit to allegation __A__ in the Petition to Revoke. This is a Grade __B__ violation. As a result, the defendant's supervised release will be revoked. The government agrees to dismiss at disposition any remaining allegations in the petition if the defendant is sentenced in accordance with this agreement.

3.　The parties agree that the defendant will be sentenced to:

　　☒　A period of incarceration not lower than the bottom, and not to exceed the middle of the applicable guideline range under U.S.S.G. § 7B1.4(a) (Revocation Table), to wit: __4 - 6__ months; ✓

　　☐　A period of incarceration not lower than the middle, and not to exceed the top of the applicable guideline range under U.S.S.G. § 7B1.4(a) (Revocation Table), to wit: _____ months;

☐ _____ months incarceration;

☐ Other: _____

4. This sentence will be followed by:

    ☐ An additional term of \_\_\_\_ months of supervised release

    ☐ An additional term of supervised release with the length to be determined by the Court

    ☑ No additional term of supervised release IF the defendant receives a term of supervision in their new/substantive criminal case. ✓

    ☐ Whether to impose any term of supervised release is to be determined by the Court (no agreement by the parties)

If the defendant is sentenced to a term of probation or supervised release, the defendant agrees to comply with the previously imposed conditions and any others the probation department or court deems appropriate.

    ☐ In addition, the defendant shall reside in a residential program for up to 180 days, unless discharged earlier by the probation officer. Placement may include, singularly or in any combination, a residential re-entry center (RRC), drug-free sober living environment, inpatient drug treatment facility or halfway house.

    ☐ In addition, the following additional condition(s) shall be imposed: \_\_\_

_____

_____

5. Consecutive/Concurrent sentences:

    ☑ There is no agreement regarding consecutive or concurrent sentences ✓

    ☐ The issue is not applicable in this case

    ☐ The government agrees that it will not take a position whether this sentence should be concurrent or consecutive to another sentence.

6. Statutory and Guideline Provisions:

    a) Penalties applicable for defendant's <u>original</u> offense:

        1) Criminal History – \_\_\_\_I_____

        2) Guideline Range – \_\_\_\_6 – 12 months\_\_\_\_\_

        3) Statutory Maximum Incarceration – \_\_\_10 years\_\_\_

        4) Maximum Supervised Release – 3 years

b) U.S.S.G. § 7B1.4, the Terms of Imprisonment (Policy Statement) provides: Revocation Table (In months of imprisonment)

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | 4-10 | 5-11 | 6-12 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |

Grade A  (1) *Except* as provided in subdivision (2) below:

| | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
|---|---|---|---|---|---|---|

(2) Where a defendant was on probation as a result of a Class A felony:

| | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |
|---|---|---|---|---|---|---|

c) For probation violations, the defendant, upon revocation of probation, may be re-sentenced to any term of imprisonment not to exceed statutory maximum of the original offense of conviction. (18 U.S.C. § 3565 (a)(2))

d) For supervised release violations, the maximum imprisonment upon revocation of supervised release (pursuant to 18 U.S.C. § 3583 (e)(3)) is:

- ☐ Class A felony - 5 years
- ☑ Class C or D felony - 2 years ✓
- ☐ Class B felony - 3 years
- ☐ Any other case - 1 year

The maximum supervised release following any term of imprisonment upon revocation of supervised release shall not exceed the maximum supervised release for the underlying offense, less any term of imprisonment that was imposed upon revocation. (18 U.S.C. § 3583(h))

7. Waiver of Appeal & Collateral Attacks - The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or petition to revoke, or to the Court's entry of judgment and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant; and (3) any right to collaterally attack defendant's conviction and sentence in a habeas petition under 28 U.S.C. § 2255 or motion under any other statute or rule. If the

defendant files a notice of appeal or any habeas petition, notwithstanding this agreement, the defendant agrees that, upon motion of the government, this case shall be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the United States to withdraw from this disposition agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). Nor shall this waiver bar the defendant from filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and appealing the denial of such a motion.

8. The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

9. I understand all of the provisions of this agreement. This written disposition agreement contains all the terms and conditions of my agreement, and any promises made by anyone (including my attorney) that are not contained within this written agreement are without effect and are void.

_Feb. 9_, 2023     _[signature]_
Date                  Noe Mendoza
                      Defendant

10. I have discussed this case and the written agreement with my client in detail and have translated it for him if he does not speak English. No assurances, promises, or representations have been given to me or my client by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the agreement as indicated above and agree that the terms and conditions set forth in this

/ / /

/ /

1  agreement are in the best interests of my client.
2
3  ___2-9___, 2023        *Wanda Day*
4  Date                   Wanda Day
                          Attorney for the Defendant
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11. I have reviewed this matter and the agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

*signature*  Date: 2023.01.26 15:15:03 -07'00'

_____, 2023
Date

MICAH SCHMIT
Assistant U.S. Attorney